Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 7417 | DATE | June 23, 2004 |
| CASE TITLE | *Construction and General Laborers' District Council v. Roth's Reliable Construction* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The court finds that the state law claims against Mr. Roth are not preempted by the LMRA but declines to exercise supplemental jurisdiction over those claims. Accordingly, Mr. Roth's motion to dismiss [21-1] is granted and the state law claims against him in Counts II and III are dismissed without prejudice to refiling in state court. (Enter Memorandum and Order).

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | | JUN 29 2004 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | docketing deputy initials | 24 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | 2004 JUN 29 AM 7:35 | date mailed notice | |
| RTS/c | courtroom deputy's initials | 03-07417 | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, Plaintiff, | ) ) ) ) ) | |
| v. | ) ) | 03 C 7417 |
| ROTH'S RELIABLE CONSTRUCTION CO., INC., and JOHN ROTH, individually, Defendants. | ) ) ) ) | DOCKETED JUN 2 9 2004 |

## MEMORANDUM AND ORDER

Plaintiff Construction General Laborers' District Council of Chicago and Vicinity (the "Union") alleges that defendants Roth's Reliable Construction and John Roth failed to remit wage deductions for union dues or to make contributions on the employees' behalf. Mr. Roth contends that § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, preempts the Union's state law claims or, alternatively, that the court should decline to exercise supplemental jurisdiction over these claims under 28 U.S.C. § 1367. He thus seeks to dismiss the Union's Illinois Wage Payment and Collection Act, 820 ILCS § 115/1, *et seq.* (Count II) and conversion (Count III) claims against him. For the following reasons, the court finds that the state law claims against Mr. Roth are not preempted by the LMRA but declines to exercise supplemental jurisdiction over those claims.

I. **Background**

The following facts are drawn from the Union's complaint. John Roth is the principal officer and majority shareholder in Roth's Reliable Construction. Mr. Roth's employees authorized him to deduct money from their wages to pay for their union dues and fees. Mr. Roth, however, pocketed the money himself. In Count I, the Union contends that Roth's

Reliable violated the LMRA by failing to remit the dues and fees.[1] In Counts II and III, which are directed at both Roth's Reliable and Mr. Roth, the Union contends that Mr. Roth's wrongful retention of the withheld wages violates the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1, *et seq.*, and constitutes conversion under state law.

## II. Discussion

Mr. Roth contends that the LMRA completely preempts the Union's Illinois Wage Payment and Collection Act and conversion claims so these claims must be dismissed. Alternatively, he asks the court to decline to exercise supplemental jurisdiction over these claims under 28 U.S.C. § 1367 or to dismiss Counts II and III in their entirety as a sanction because the Union violated the automatic stay by amending the allegations against Roth's Reliable after Roth's Reliable filed for bankruptcy.

### A. Preemption Under the LMRA

Mr. Roth claims that the Union's state law claims against him are preempted by § 301 of the LMRA because resolution of these claims requires interpretation of a collective bargaining agreement. Section 301 provides that, "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a).

---

[1] Roth's Reliable sought protection under Chapter 11 of the bankruptcy laws after this suit was filed and all proceedings as to Roth's Reliable have been stayed.

To determine whether the Union's state law claims are preempted by § 301, this court must determine if these claims require interpretation of, and not reference to, a collective bargaining agreement. *See In re Bentz Metal Prods. Co., Inc.*, 253 F.3d 283, 285 (7th Cir.2001) (en banc); *see also Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 405-06 (1988). In doing so, the court will bear in mind that although the preemptive effect of § 301 is broad, preemption does not necessarily occur in every situation where a collective bargaining agreement comes into play. *See Allis-Chalmers v. Lueck*, 471 U.S. 202, 211 (1985) ("not every dispute concerning employment or tangentially involving a provision of a CBA is preempted by § 301"); *see also Atchley v. Heritage Cable Vision Associates*, 101 F.3d 495, 499 (7th Cir. 1996). Instead, preemption occurs when a provision of the collective bargaining agreement is the subject of the dispute or the dispute is substantially dependent upon an analysis of the terms of the collective bargaining agreement. *Atchley v. Heritage Cable Vision Associates*, 101 F.3d at 499.

The parties disagree as to whether the Union's state law claims are dependent on the collective bargaining agreement. According to Mr. Roth, they are founded on the CBA and cannot be resolved without interpreting the CBA. For example, according to Mr. Roth, the court will have to review the CBA to see if the Union's claims are arbitrable, what sums are due to the Union, whether employees authorized deductions, and when and if deductions should have been taken. On the other hand, the Union contends that the defendants wrongfully retained money they withheld from employees' paychecks in violation of state law, and that the CBA is irrelevant for purposes of resolving these claims.

3

The court agrees with the Union that interpretation of the CBA is not necessary to resolve the Union's state law claims. To determine these claims, the court will have to decide: (1) if the Roth's Reliable employees signed wage assignments; (2) if so, if Mr. Roth deducted money from the paychecks as specified in the wage assignments; (3) if so, whether the monies were turned over in accordance with wage assignments; and (4) if not, what happened to that money.

In other words, the state law claims flow from the wage assignments, not the CBA. Regardless of whether the CBA was the impetus for the wage assignments, the issue before the court is whether the defendants complied with the wage assignments' terms and conditions. *See In re Bentz Metal Products Co., Inc.*, 253 F.3d at 289 (§ 301 did not preempt claim based on a mechanic's lien formed under Indiana law because the claim was not dependent on interpretation of a CBA simply because that CBA controlled the amount of the pay potentially owed under the lien); *see also Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. at 407 (§ 301 did not preempt an Illinois tort claim for retaliatory discharge because the right to be free from retaliatory discharge existed independently of the CBA and resolution of that claim did not require interpretation of the CBA); *Livadas v. Bradshaw*, 512 U.S. 107, 124-25 (1994) (the issue of whether the defendant willfully failed to pay wages upon severance was not preempted where there was no dispute that the plaintiff was entitled to the payment and no interpretation of the CBA was necessary to determine the plaintiff's eligibility for the payment).

This conclusion is supported by the Seventh Circuit's decision in *Bentz*. In that case, the court found that Indiana's mechanic's lien law was a "benefit provided to workers based on a state policy protecting workers; it is a separate claim, not dependent on interpretation of the agreement for its existence even though the amount of the pay is dependent on the CBA." *In re*

4

*Bentz Metal Products Co., Inc.*, 253 F.3d at 289. Similarly, in the instant case, the existence of the wage act and conversion claims flow from the alleged execution of the wage assignments. Regardless of what the CBA says, if the wage assignments do not require the defendants to withhold wages and give them to the Union, the state law claims fail. *See id.* ("[i]f entitlement to wages (or other employee pay) or the amount due were at issue, the CBA would control; almost certainly, interpretation of the agreement would be necessary and would be subject to the arbitration procedures of the contract"); *see also Atchley v. Heritage Cable Vision Associates*, 101 F.3d at 500 (§ 301 preempted claims under the Indiana Wage Payment Law for wage increases and bonuses because the CBA governed the amount, method and timing of payment of monies to the plaintiffs). Accordingly, the court finds that the claims against Mr. Roth in Counts II and III are not preempted.

### B. Supplemental Jurisdiction

Mr. Roth next asserts that the court should decline to exercise supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367 because the federal claim that forms the basis of the court's original jurisdiction has been stayed due to Roth's Reliable's pending bankruptcy case. *See* 11 U.S.C. § 362(a) (a petition filed in bankruptcy operates as a stay of the commencement or continuation of a judicial action against the debtor).

Section 1367 gives federal courts the power to hear claims lacking an independent basis for federal jurisdiction and provides that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such

supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." 28 U.S.C. § 1367(a). A court may decline to exercise supplemental jurisdiction only if: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

Here, the bankruptcy stay as to the federal claims is, in practical effect, the same as an order of dismissal because the court cannot resolve the federal claim in this case unless and until Roth's Reliable survives its Chapter 11 proceedings. *See Laborers Pension Fund v. Yordanoff Const. Co.*, No. 94 C 2310, 1994 WL 323300 *2 (N.D. Ill. Jun 27, 1994) (analogizing bankruptcy stay to dismissal for the purposes of § 1367). This means that the federal issue is on hold for an indeterminate but presumably long period of time. Moreover, the litigation as to the state law claims is at a nascent stage since the court and the parties have not yet expended any time or resources on the state law claims and the court has not set any discovery dates.

The court, therefore, concludes, in the exercise of its discretion, that there is no reason to retain jurisdiction over the state law claims against Mr. Roth. *See Timm v. Mead Corp.*, 32 F.3d 273 (7th Cir. 1994) (affirming retention of supplemental jurisdiction when by the time the federal claim was dismissed, the state law claims were ripe for decision, the applicable state law was straightforward, the litigation was well over a year old, discovery was completed, and litigating the state law issues in state court would merely serve to delay their resolution). Accordingly, these claims are dismissed without prejudice to refiling in state court. Because the

court is dismissing the state law claims, it will not consider Mr. Roth's request to dismiss the claims as a sanction due to the Union's alleged violation of the automatic stay as to Roth's Reliable.

### III. Conclusion

The court finds that the state law claims against Mr. Roth are not preempted by the LMRA but declines to exercise supplemental jurisdiction over those claims. Accordingly, Mr. Roth's motion to dismiss [21-1] is granted and the state law claims against him in Counts II and III are dismissed without prejudice to refiling in state court.

DATE: JUN 2 3 2004

Blanche M. Manning
United States District Judge

03cv7417.md

7